UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAEL FELDMAN,<br><br>                                    Plaintiff,<br><br>v.<br><br>MARTIN O' MALLEY, COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>                                    Defendant. | Case No.:  24CV930-BLM<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**<br><br>**[ECF NO. 2]** |

The instant matter was initiated on May 28, 2024 when Plaintiff filed a complaint seeking review of the Commissioner's decision to deny Plaintiff's "Title XVI or SSI application for disability benefits." ECF No. 1 at 2.  That same day, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees or Costs.  ECF No. 2.  On May 31, 2024, the Court issued an Order Denying Without Prejudice Plaintiff's Application to Proceed in District Court Without Prepaying Of Fees or Costs and Dismissing Complaint with Leave to Amend. ECF No. 4.

On June 2, 2024, Plaintiff filed an Amended Complaint. ECF No. 5.  Having reviewed the amended complaint and motion, the Court **GRANTS** Plaintiff's motion to proceed in district court without prepaying fees or costs and finds that Plaintiff's complaint is sufficient to survive *sua sponte* screening.

///

1    **Application to Proceed in District Court without Prepaying Fees or Costs**

2    All parties instituting any civil action, suit, or proceeding in a district court of the United

3    States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C.

4    § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if

5    she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

6    > [A]ny court of the United States may authorize the commencement, prosecution
7    > or defense of any suit, action or proceeding ... without prepayment of fees or
8    > security therefor, by a person who submits an affidavit that includes a statement
     > of all assets such [person] possesses that the person is unable to pay such fees or
9    > give security therefor.

10

11   The determination of indigency falls within the district court's discretion.  California Men's

12   Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S.

13   194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion

14   in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is

15   well-settled that a party need not be completely destitute to proceed IFP.  Adkins v. E.I. DuPont

16   de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C.

17   § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his

18   poverty pay or give security for costs ... and still be able to provide for himself and dependents

19   with the necessities of life."  Id. at 339.  At the same time, "the same even-handed care must

20   be employed to assure that federal funds are not squandered to underwrite, at public expense,

21   ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his

22   own oar."  Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to

23   reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to

24   other expenses.  See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff

25   initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement

26   proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because

27   the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the filing fee).

28   Moreover, the facts as to the affiant's poverty must be stated "with some particularity,

1   definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

2   Plaintiff has satisfied his burden of demonstrating that he is entitled to IFP status.

3   According to his affidavit in support of application, Plaintiff receives $300.00 in public assistance

4   per month.  ECF No. 2 at 2.  Plaintiff does not regularly spend any money on living expenses.

5   Id. at 4-5.  Plaintiff lives with his mother who "provides [him] with room and board" and Plaintiff's

6   sister pays for his phone bill.  Id. at 5.  Plaintiff does not have any dependents who rely on him

7   for support or a spouse and no one owes him any money.  Id. at 3.  Plaintiff does not anticipate

8   major changes to his monthly income during the next twelve months.  Id. at 5.  Based on the

9   foregoing, the Court finds that Plaintiff has established that he is unable to pay the $405 filing

10   fee without impairing his ability to pay for life's necessities.  Accordingly, Plaintiff's motion to

11   proceed IFP is **GRANTED**.

12   **SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)**

13   Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are

14   subject to a mandatory *sua sponte* screening by the Court.  Lopez v. Smith, 203 F.3d 1122,

15   1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar.

16   19, 2019). A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2)

17   "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a

18   defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at

19   1126–27.

20   To survive, all complaints must contain "a short and plain statement of the claim showing

21   that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8

22   announces does not require 'detailed factual allegations,' but it demands more than an

23   unadorned, the-defendant-unlawfully-harmed-me-accusation."  Ashcroft v. Iqbal, 556 U.S. 662,

24   678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Furthermore,

25   "recitals of elements of a cause of action, supported by mere conclusory statements do not

26   suffice."  Id.  Instead, the plaintiff must state a claim that is plausible on its face, meaning the

27   pleaded "factual content [] allows the court to draw the reasonable inference that the defendant

28   is liable for the misconduct alleged."  Id. at 678 (2009) (quoting Twombly, 550 U.S. at 556,

24CV930-BLM

1    570)). "When there are well-pleaded factual allegations, a court should assume their veracity,

2    and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

3    Social security appeals are not exempt from the general screening requirements for IFP cases

4    proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016)

5    (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

6        In the context of a social security appeal, courts within the Ninth District have established

7    four elements necessary for a complaint to survive a *sua sponte* screening:

8    
9    
10   
11   
12   
13   
14   

> First, the plaintiff must establish that she has exhausted her administrative
> remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced
> within sixty days after notice of a final decision. Second, the complaint must
> indicate the judicial district in which the plaintiff resides. Third, the complaint must
> state the nature of the plaintiff's disability and when the plaintiff claims she became
> disabled. Fourth, the complaint must contain a plain, short, and concise statement
> identifying the nature of the plaintiff's disagreement with the determination made
> by the Social Security Administration and show that the plaintiff is entitled to relief.

15   Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL

16   890922 at *2).   With regard to element four, a complaint is insufficient if it merely states that

17   the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012

18   WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes

19   that the Commissioner was wrong.  The purpose of the complaint is to briefly and plainly allege

20   facts supporting the legal conclusion that the Commissioner's decision was wrong.").   Instead,

21   the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the

22   Commissioner's decision was wrong." Id. at *2.

23       After reviewing the amended complaint, the Court finds that Plaintiff has established the

24   four elements necessary for a complaint to survive *sua sponte* screening.   Plaintiff states that

25   this action "was commenced within the 60-day period after notice of the Appeals Council denial"

26   and that he resides in San Diego County.   ECF No. 5 at 2.   He further states that he became

27   disabled on December 1, 2021 and that "he suffers from post-traumatic stress disorder, anxiety,

28   depression and schizophrenia." Id.  Plaintiff disagrees with the determination made by the Social

1  Security Administration because the decision "was not supported by substantial evidence and
2  contained errors of fact and law."  Id.  Specifically, the ALJ improperly rejected "Plaintiff's
3  testimony regarding his inability to sustain full time employment."  Id.

### CONCLUSION

5        Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is
6  **GRANTED**.

7        **IT IS SO ORDERED**.

8  Dated:  6/5/2024

Hon. Barbara L. Major
United States Magistrate Judge

24CV930-BLM